ANDREW L. PACKARD (State Bar No. 168690)
ERIK ROPER (State Bar No. 259756)
EMILY J. BRAND (State Bar No. 267564)
Law Offices of Andrew L. Packard
100 Petaluma Blvd. N Ste 301
Petaluma, CA 94952
Tel: (707) 763-7227
Fax: (415) 763-9227
E-mail: andrew@packardlawoffices.com

Attorneys for Plaintiff CALIFORNIA
SPORTFISHING PROTECTION ALLIANCE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non profit corporation,<br><br>             Plaintiff,<br>    vs.<br><br>QBR BRAKE, INC., a California corporation,<br><br>             Defendant. | Case No. 2:13-CV-00090-KJM-CKD<br><br>**STIPULATION TO DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE; ORDER GRANTING DISMISSAL WITH PREJUDICE [FRCP 41(a)(2)]** |

TO THE COURT:

Plaintiff California Sportfishing Protection Alliance ("PLAINTIFF" or "CSPA"), and Defendant QBR Brake, Inc. ("QBR" or "DEFENDANT"), Parties in the above-referenced matter, stipulate as follows:

**WHEREAS**, on or about November 8, 2012, CSPA provided DEFENDANT with a Notice of Violations and Intent to File Suit ("60-Day Notice Letter") under Section 505 of the Federal Water Pollution Control Act ("Act" or "Clean Water Act"), 33 U.S.C. § 1365;

**WHEREAS**, on January 16, 2013, CSPA filed its Complaint against DEFENDANT in this Court, *California Sportfishing Protection Alliance v. QBR Brake, Inc., et al.* (USDC, E.D. Cal., Case No. 2:13-CV-00090-KJM-CKD) and said Complaint incorporated by reference all of the allegations contained in CSPA's 60-Day Notice Letter;

1   **WHEREAS**, CSPA and DEFENDANT, through their authorized representatives and
2   without either adjudication of CSPA's claims or admission by DEFENDANT of any alleged
3   violation or other wrongdoing, have chosen to resolve in full by way of settlement the allegations
4   of CSPA as set forth in CSPA's 60-Day Notice Letter and Complaint, thereby avoiding the costs
5   and uncertainties of further litigation.  A copy of the Parties' proposed settlement agreement
6   ("Settlement Agreement") entered into by and between CSPA and DEFENDANT is attached
7   hereto as Exhibit A and incorporated by reference.

8   **WHEREAS**, CSPA submitted the Settlement Agreement via certified mail, return receipt
9   requested, to the U.S. EPA and the U.S. Department of Justice ("the agencies") and the 45-day
10  review period set forth at 40 C.F.R. § 135.5 has been completed without objection by the
11  agencies.

12  **NOW THEREFORE, IT IS HEREBY STIPULATED** and agreed to by and between
13  the Parties that CSPA's claims, as set forth in its 60-Day Notice Letter and Complaint, be
14  dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  The Parties
15  respectfully request an order from this Court dismissing such claims with prejudice.  In
16  accordance with Paragraph 21 of the Settlement Agreement, the Parties also request that this
17  Court retain and have jurisdiction over the Parties through September 30, 2015, unless the
18  Agreement is terminated early in accordance with the terms thereof, for the sole purpose of
19  resolving any disputes between the parties with respect to enforcement of any provision of the
20  Settlement Agreement.

| | | |
|---|---|---|
| 1 | Dated:  3/11/13 | LAW OFFICES OF ANDREW L. PACKARD |

By:_/s/ Emily J. Brand_____ _____
Emily J. Brand
Attorneys for Plaintiff
CALIFORNIA SPORTFISHING PROTECTION ALLIANCE

Dated:  1/31/13                              DOWNEY BRAND LLP

By:__/s/ Melissa A. Thorme_____
Melissa A. Thorme
Attorneys for Defendant
QBR BRAKE, INC.

**ORDER**

The court having considered the foregoing, and also having reviewed the letter from the U.S. Department of Justice filed on March 8, 2013, HEREBY ORDERS that Plaintiff California Sportfishing Protection Alliance's claims against Defendant QBR Brake, Inc. ("QBR") as set forth in CSPA's 60-Day Notice Letter and Complaint filed in Case No. 2:13-CV-00090-KJM-CKD, are hereby dismissed with prejudice, each side to bear their own attorney fees and costs, except as provided for by the terms of the accompanying Settlement Agreement.

IT IS FURTHER ORDERED that the Court shall retain and have jurisdiction over the Parties with respect to disputes arising under the Settlement Agreement attached to the Parties' Stipulation to Dismiss as Exhibit A until September 30, 2015, unless the Agreement is terminated early in accordance with the terms thereof.

IT IS SO ORDERED.

DATED: April 24, 2013.

_____
UNITED STATES DISTRICT JUDGE